UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 04CV-460-H

PENTECH INFUSIONS, INC.                                           PLAINTIFF

V.

ANTHEM HEALTH PLANS OF KENTUCKY, INC.,
d/b/a Anthem Blue Cross and Blue Shield                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Pentech Infusions, Inc. ("Pentech"), provided medical services to Dorothy Wert, who was a beneficiary under an ERISA plan allegedly administered by Anthem Health Plans of Kentucky, Inc. ("Anthem"). After receiving a lesser amount of reimbursement than anticipated, Pentech sued Anthem in Kentucky state court for the value of the services rendered.[1] On August 9, 2004, Anthem removed pursuant to 29 U.S.C. § 1144(a), concerning ERISA preemption, and 28 U.S.C. § 1441(b), providing for removal of actions founded on a claim arising under federal law. Pentech did not seek remand and on February 14, 2005, Anthem moved for summary judgment.

Anthem's first argument is that because § 1144(a) preempts all state law claims related to an employee benefit plan and because the Sixth Circuit has held that ERISA preempts state law breach of contract and promissory estoppel claims seeking benefits under such a plan, Pentech's claims should be dismissed. *See Davis v. Kentucky Fin. Cos. Retirement Plan*, 887 F.2d 689, 696 (6th Cir. 1989); *Cromwell v. Equicore-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991). Even though these things may be true, to make such a determination would be deciding

---

[1] Pentech's claim might also be viewed as breach of an oral promise to pay.

the substance of the matter before ascertaining jurisdiction. Jurisdiction is an issue which the Court must consider *sua sponte* where good grounds appear. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 95 (1998).

While many cases from other circuits and even within the circuit present a confusing picture of ERISA jurisdiction, an *en banc* court in *Warner v. Ford Motor Co.*, 46 F.3d 531 (6th Cir. 1995) appears to have clarified several issues here. "Removal and preemption are two distinct concepts." *Id.* at 535. While ERISA preempts all state law claims relating to an employee benefit plan, 29 U.S.C. § 1144, it does not establish a basis for federal jurisdiction in all these cases. Some cases relating to ERISA are removable and some are not. In fact, many of the state law claims that ERISA preempts under § 1144 are not removable under 28 U.S.C. § 1441(b). *Warner*, 46 F.3d at 535. Section 1441(b) provides for removal only in those cases which could have been brought originally in federal court. In many cases, federal preemption under § 1144 acts as a federal defense to a state law claim. A federal defense is not a basis for removal under § 1441(b). *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

A state claim is both preempted and removable where it actually states an ERISA cause of action, that is a claim that falls within ERISA's specific enforcement provisions. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987). To do so, one of the first requirements is that the plaintiff be one entitled to assert a claim under ERISA. If so, such a claim is removable under 29 U.S.C. § 1132(a)(1)(B) because "the legislative history consistently sets out this clear intention to make suits brought by participants or beneficiaries federal questions for the purpose of federal court jurisdiction . . . ." *Id.* at 66; *see also Warner*, 46 F.3d at 534. The Court must determine if ours is such a case.

2

Pentech is a provider of health care benefits under an ERISA plan. However, only a participant in an ERISA plan or a beneficiary may enforce rights under such a plan. 29 U.S.C. § 1132(a). Pentech is neither a participant nor a beneficiary. It has not indicated that it has a valid assignment of benefits. *See Cromwell*, 944 F.2d at 1277. Pentech does have a claim for its services against Dorothy Wert. She in turn has a claim against the plan or its administrator. However, Pentech has cited no authority suggesting that it may pursue its claim directly against Anthem or against a correctly named plan administrator. These facts do not give rise to an ERISA claim.

Because the complaint does not state an ERISA claim, it will not support federal jurisdiction and was improvidently removed. The Court should remand to state court for further proceedings.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Anthem's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that this complaint is REMANDED to Jefferson Circuit Court for further proceedings.

cc:     Counsel of Record